IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE R. HURD,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, and<br>MEGAN J. BRENNAN, Postmaster General;<br><br>        Defendants. | 8:19CV82<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Notice of Remand (Filing No. 7) and Motion to Remand (Filing No. 9). For the reasons explained below, the undersigned will recommend that Plaintiff's request to remand this case be denied.

**BACKGROUND**

On December 11, 2018, Plaintiff, proceeding *pro se*, filed a "Complaint for Wrongful Termination Under FMLA" in the District Court of Scotts Bluff County, Nebraska, against Defendants United States Postal Service ("USPS") and Postmaster General Megan Brennan ("Brennan"). (Filing No. 1.) Defendants claim they received a copy of the Complaint and summons on December 17, 2018. It does not appear, however, that Plaintiff formally served a copy of her Complaint and summons on the Attorney General or the United States Attorney's Office for the District of Nebraska. (Filing No. 7 at CM/ECF p. 2.)

On February 20, 2019, USPS removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1441 and 1442, and 39 U.S.C. § 409(a). Plaintiff filed her Notice of Remand on March 4, 2019.

**DISCUSSION**

**1.    Timeliness of Removal**

A notice of removal must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the complaint, or within 30 days after service of summons if such pleading has then been filed in court and not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446. To serve the United States, a plaintiff generally must deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought or to a designated clerical employee. Fed. R. Civ. P. 4(i). Additionally, a plaintiff must send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States.[1] *Id*. "To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." *Id*.

Although Plaintiff provided a copy of the summons and complaint to USPS and Brennan, Plaintiff has not formally served the United States Attorney for the District of Nebraska, nor has she provided a copy to the Attorney General. A defendant's time to remove is not triggered until it receives a copy of the complaint and is formally served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). *See also Void-El v. O'Brien*, 811 F. Supp.2d 255, 259 (D. D.C. 2011) (stating removal statute required formal service to begin running of 30-day period). Therefore, the USPS' removal of the lawsuit to federal court is timely.[2]

---

[1] The rules for serving process on the United States generally apply in suits against the Postal Service. *See* 39 U.S.C. § 409; *Hincapie v. United States Postal Service*, No. 8:18CV302, Filing No. 9 (D. Neb. Aug. 31, 2018).

[2] Without waiving the issue of insufficient service, USPS has agreed to answer or otherwise respond to the Complaint by May 22, 2019. (Filing No. 14.)

**2.  Jurisdiction**

A defendant may remove an action from state court to federal court when a federal court has original jurisdiction over the action.  28 U.S.C. § 1441.  "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction."  *Arkansas Blue Cross & Blue Shield of Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009).  Federal courts are to resolve all doubts as to the propriety of exercising federal jurisdiction in favor of remand.  *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

Defendant argues this Court has jurisdiction pursuant to 39 U.S.C. § 409(a). Section 409(a) provides that "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service.  Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28."  39 U.S.C. § 409(a).  This action was filed against the USPS, Plaintiff's former employer.  Thus, this Court has jurisdiction under § 409(a).  *See Continental Cablevision of St. Paul, Inc. v. U.S. Postal Service*, 945 F.2d 1434, 1437 (8th Cir. 1991) ("Section 409(a) does create for the United States Postal Service an independent ground for removal from a state court to a federal court. The general purpose of removal in such a case is to give the Postal Service, an instrumentality of the United States, the protection of a federal forum").

Moreover, Defendant contends that removal is proper under 28 U.S.C. § 1442(a)(1).  This Section authorizes removal of a civil action directed to the "United States or any agency thereof or any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue."  28 U.S.C. § 1442(a)(1).  In this case, Plaintiff seeks damages for actions taken against her as an employee of the USPS.  Plaintiff has sued the USPS and Postmaster General Brennan, claiming she was terminated from her employment in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601.  She further claims her termination violated her due process rights.  Therefore, removal is proper under § 1442(a)(1).  *See also Anderson v. United*

3

*States Postal Service*, No. 08-4070, 2010 WL 3433054, at *6 (C.D. Ill. Aug. 26, 2010) (finding that federal court had jurisdiction under § 1442(a)(1) in FMLA suit brought against Postal Service).

Accordingly,

**IT IS HEREBY RECOMMENDED** to Senior United States District Court Judge Laurie Smith Camp that Plaintiff's Notice of Remand (Filing No. 7) and Motion to Remand (Filing No. 9) be denied.

Dated this 30th day of April, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.