# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE R. HURD,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, and MEGAN J. BRENNAN, Postmaster General,<br><br>        Defendants. | 8:19CV82<br><br>MEMORANDUM<br>AND ORDER |

Before the Court are the Findings and Recommendation of Magistrate Judge Susan M. Bazis, ECF No. 42 recommending that Defendants' Motion to Transfer, ECF No. 19, be granted. Plaintiff Susanne Hurd filed an Objection, ECF No. 43, and an Objection and Opposition, ECF No. 45. Under 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the record and adopts the Findings and Recommendation in their entirety.

## BACKGROUND

On December 11, 2018, Hurd filed a Complaint in the District Court of Scotts Bluff County, Nebraska. She alleges that she was terminated from her employment with the United States Post Office in Evans, Colorado, in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. She also alleges her due process rights were violated. After denial of Hurd's Motion to Remand, Defendants filed a Motion to Transfer asking that the case be transferred to the District of Colorado pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In reviewing a motion to transfer, courts consider "the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues." *Terra Intern, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). Courts should also consider "judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law." *Reinke Mfg. Co., Inc. v. M&S Irrigation Service, Inc.*, No. 4:11CV3193, 2012 WL 37513, at *2 (D. Neb. Jan. 9, 2012) (citation omitted).

The Court recognizes that federal courts generally give considerable deference to a plaintiff's choice of forum. *See Terra*, 119 F.3d at 695. However, "the general practice of according deference is based on an assumption that the plaintiff's choice will be a convenient one." *Chimney Rock Public Power Dist. v. Tri-State Generation and Transmission Ass'n, Inc.*, No. 7:09-CV-5008, 2010 WL 3328262, at *5 (D. Neb. July 13, 2010). A plaintiff's choice of forum is afforded less weight when the events "giving rise to the lawsuit took place in a forum other than that chosen by the plaintiff." *Wilson v. United States*, No. 4:05CV562, 2006 WL 3431895, at *4 (E.D. Ark. Nov. 28, 2006).

Hurd does not contest Defendants' assertion that had the case initially been filed in federal court, it would have been proper for the case to have been filed in the District of Colorado. Hurd instead argues that Colorado is not a convenient forum.

Seven out of the eight witnesses identified by Defendants are in Colorado, the other is in Missouri. Defendants contend that, although Hurd's personnel file can be accessed electronically, there are some paper documents regarding Hurd's employment located in Evans. Evans is approximately 50 miles from Denver, Colorado, where a courthouse for the District of Colorado is located. Evans is approximately 500 miles from this Court's Omaha, Nebraska, courthouse and 230 miles from North Platte, Nebraska— where this Court conducts trials.[1] Thus, transfer to the District of Colorado is overall more convenient for Defendant and Defendant's witnesses.

Hurd alleges that, because she resides in Scottsbluff, she will be required to travel to and stay in Denver if trial is held there, just as she would have to travel to and stay in Omaha if the case were heard in Omaha. Hurd alleges that her medical-related witnesses are in Scottsbluff and the transfer will create an undue hardship for them in their practices. Hurd also alleges that Debbie Wademan who allegedly demoted Hurd to a carrier position in 2011 due to Hurd's pregnancy, and in 2017 billed Hurd for a reward she received as a clerk, lives in Mitchell, Nebraska.[2]

Nonetheless, trial in Denver instead of Omaha is more convenient for Hurd and her witnesses, and attending trial in Denver instead of North Platte would result in less than 50 miles of additional roundtrip travel for them.[3] Thus, any inconvenience to Hurd or

---

[1] In her Objection, ECF No. 43, Hurd requests that this Court conduct trial in Scottsbluff, Nebraska. Pursuant to NECivR. 40.1(b), a party may request trial in Omaha, Lincoln, or North Platte. The rule does not allow parties to request trial in Scottsbluff.

[2] Hurd alleges that in 2011 she was demoted from a carrier position in Scottsbluff, Nebraska, to a clerk position in Mitchell, Nebraska, for a period of six months due to her pregnancy. Based on Hurd's Complaint, this allegation appears relevant to the current cause of action only for purposes of calculating Hurd's length of employment to determine FMLA eligibility.

[3] The City of Scottsbluff, in Scotts Bluff County, is approximately 198 miles from Denver, 176 miles from North Platte, and 453 miles from Omaha. Mitchell is approximately 204 miles from Denver, 186 miles from North Platte, and 462 miles from Omaha.

her witnesses is minimal. Considering the totality of the circumstances, including the fact that the acts underlying this dispute arose out of Hurd's employment and termination in Colorado, the Court finds that transfer to the District of Colorado is appropriate and adopts the magistrate judge's recommendation.

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendations, ECF No. 42, are adopted in their entirety;
2. Defendant's Motion to Transfer, ECF No. 19, is granted;
3. Plaintiff's Objections to the Findings and Recommendations, ECF Nos. 43 and 45, are overruled; and
4. This action is transferred to the U.S. District Court for the District of Colorado, pursuant to 28 U.S.C. § 1404(a).

Dated this 13th day of August, 2019.

BY THE COURT:

s/Laurie Smith Camp  
Senior United States District Judge